DIXON, Justice.
Defendant was convicted of possession of heroin with intent to distribute, a violation of R.S. 40:966. He was sentenced to life imprisonment at hard labor. Having abandoned two assignments of error, defendant appeals to this court raising nine assignments of error.
The following evidence was adduced at the pretrial hearing on the State’s notice of intention to introduce evidence of other crimes and at the trial on the merits.
On February 12, 1975 undercover police officers arranged a sale of heroin with George Zito, maintenance manager at an apartment complex in Baton Rouge, Louisiana. After arrangements were complete, Zito went to defendant’s residence in Baker, Louisiana and procured the heroin. The practice between Zito and defendant called for Zito to take heroin from defendant, deliver it to prearranged purchasers, collect payment and return the payment to defendant. When Zito attempted to deliver the heroin to undercover agents at the Baton Rouge apartment complex, he was arrested. From that moment he has cooperated with law enforcement officials.
Later the same day and at the suggestion of police officers, Zito arranged with defendant a second transaction. In a taped telephone conversation, Zito and defendant agreed to meet at a Taco Bell Restaurant in Baton Rouge where defendant would give the heroin to Zito. When defendant arrived at the Taco Bell he was arrested, and police found three “bags” of heroin on his person.

Assignment of Error No. 1

Defendant contends the trial court erred by admitting evidence which was not within the scope of the notice of intention given by the State. As required by State v. Prieur, 277 So.2d 126 (La.1973), the State had served defendant with a notice of its intention to introduce evidence of other crimes. The relevant portion of that notice reads:
.“On February 12, 1975, between the hours of 3:00 P.M. and 6:10 P.M. one George Zito obtained three foil packets of heroin from the defendant, Brady McDaniel, Jr. This transaction occurred in East Baton Rouge Parish.”
Defendant’s subsequent motion for a bill of particulars asked where the transaction occurred, and the State replied it occurred at 310 Cypress Street in Baker, Louisiana. This is the address of defendant’s residence.
Defendant did not object when the State introduced evidence of the transfer from defendant to Zito at defendant’s Cypress Street residence. He objected when the State sought to introduce evidence of the *843 transfer from Zito to undercover agents at the Baton Rouge apartment complex. Defendant contends this is an independent crime not included in the notice of intention and that evidence of it is therefore inadmissible. We disagree.
The transfer of heroin from defendant to Zito at defendant’s Baker residence was the first step in a single transaction. Both defendant and Zito intended the heroin to be delivered to the customers and the purchase price to be returned to defendant. Defendant contends the notice of intention failed to inform him of the State’s intention at trial to introduce evidence of the transfer from Zito to undercover agents. Because of the nature of the transaction between defendant, Zito and the undercover agents, the wording of the notice refutes this contention. Even if it did not, the evidence introduced at the pretrial hearing informed defendant of the entire transaction and the State’s intention to use it on the trial. Defendant was not surprised in any way, and was adequately notified.
This assignment is without merit.

Assignments of Error Nos. 2, 3, 4, 7 and 9

In these assignments defendant contends the evidence adduced at the pretrial hearing and introduced at trial, concerning the transfer from Zito to undercover agents at the Baton Rouge apartment complex, should not have been admitted at trial because its probative value was outweighed by its prejudicial effect.
Assignment of Error No. 2 complains generally of “evidence ruled admissible at the Prieur hearing.” Assignment No. 3 complains of the prosecutor’s reference to such evidence in his opening statement. Assignment No. 4 complains of testimony by a State crime lab expert concerning heroin ruled admissible at the pretrial hearing. Assignments Nos. 7 and 9 complain of testimony by police officers concerning the heroin transfer ruled admissible at the pretrial hearing.
R.S. 15:445-15:446 provide:
“In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction.”
“When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.”
Evidence of other crimes is admissible only where relevant, and then only when its probative value outweighs its prejudicial effect. State v. Harrison, 291 So.2d 782 (La.1974); State v. Moore, 278 So.2d 781 (La.1973).
In the case before us evidence that Zito, after receiving heroin from defendant, delivered the heroin to would-be customers (undercover police agents) in accordance with their earlier arrangement, tends to prove that at the time of his arrest defendant possessed heroin with the intent to distribute according to a prearranged plan. Thus the evidence is relevant. Any evidence of the intent of defendant to distribute would be “prejudicial,” but not so unduly prejudicial that its introduction made it unlikely that the jury could fairly weigh the evidence and impartially apply the law in reaching a verdict.
These assignments are without merit.

*844
Assignments of Error Nos. 5 and 6

Defendant contends the prosecutor went outside the notice of intention when he asked the following questions :
Assignment No. 5:
“Q. All right, had Brady McDaniel asked you to sell heroin before?”
Assignment No. 6:
“Q. Prior to February 12, 1975, did Brady McDaniel ask you to sell heroin for him?”
However, it was during defense counsel’s cross-examination of Zito during the pretrial hearing that this information was first introduced:
“Q Now, you said you never paid for any heroin when you got it from Brady McDaniels (sic). Why was that?
“A No, I didn’t.
“Q Why was that?
“A I knew Brady before, and he was constantly pursuing me to sell some for him, because of where I was living and so forth. I was in the L.S.U. area and he had offered me double my money for any money I would invest in his procedures, and he was constantly pursuing me and Hilton Bryant — which usually was in my company.”
The evidence which defendant contends was outside the scope of the State’s notice of intention was adduced by defendant. Defendant cannot complain that the State’s notice of intention did not refer to such activity; nor was defendant surprised at trial by the introduction of the evidence. The evidence was relevant to show defendant’s intention to distribute heroin; the notice of intention informed defendant that other crimes evidence would be introduced to show this “intent,” and the evidence of the practice was first introduced by defendant at the pretrial hearing twenty-one days before trial. There has been substantial compliance with the requirements of State v. Prieur, supra.
These assignments lack merit.
Assignments of Error Nos. 8 and 10 were abandoned.

Assignment of Error No. 11

Defendant filed a motion for a new trial based on two grounds.
He first urges that a new trial must be granted for reasons raised in the other assignments of error. Because those assignments are without merit, this contention also lacks merit.
He next urges that a new trial must be granted because “the ends of justice would be served by the granting of a new trial.” C.Cr.P. 851(5). Defendant’s only argument in support is that equal treatment should be accorded Zito and himself. Zito’s fate and defendant’s are independent, and we are limited to determining whether defendant received a fair trial under the law.
This assignment is without merit.
Accordingly, defendant’s conviction and sentence are affirmed.