MARVIN, Judge.
In each of the above cases, defendant appeals his conviction by a jury and his sentence for three counts of Carnal Knowledge of a Juvenile. La.R.S. 14:80(2).
We resolve each appeal in this one opinion because defendant confessed to the crimes with his 9-year-old stepson (the victim in the first case) and to the crimes with his 13-year-old stepson (victim in the second case). Defendant testified to the jury in each case that his confession was not true but was made to “protect” his wife, the mother of the children, and to avoid her incarceration.
Each appeal questions the sufficiency of the evidence in the respective case. The appeal in the second case questions the excessiveness of the sentences, which were in part consecutive and in other parts concurrent, for a total of 18 years at hard labor in that case.
*808 Defendant’s assignments in each case will be specifically discussed.
FACTS
The 40-year-old defendant was arrested on August 10, 1982, after his wife reported to deputy sheriffs on August 9 that she had seen her husband with his penis in the mouth of her 9-year-old son after she and her husband returned home about midnight on July 31, 1982, after dancing and drinking in Alexandria. She said that after they returned to their rural Winn Parish home that night the defendant got out of their bed saying that he was sick. She later went to check on him and found him in his underwear in the bedroom of her 9-year-old son with his penis in the boy’s mouth. She ordered defendant out of the room or house,' dressed herself and her son, and thereafter stayed with friends and neighbors.
The mother said that when she caught defendant he said to her that her son “had been asking for it.” She returned home the next day and remained there with her husband and son until an argument occurred between her and her husband on August 8. She went to the sheriff’s office the next day. She explained she did not resume “relations” with her husband after she caught him with her son. This was essentially her testimony to the jury in the first trial.
After defendant was arrested and was given Miranda warnings he gave a statement to the officers which was recorded on tape and was transcribed. Defendant admitted that he talked his 9-year-old stepson into having oral sex, having his penis in the mouth of the 9-year-old stepson, and being caught by his wife on the night in question. In his confession, defendant admitted that this conduct had occurred with the boy “about twice before ... [in the] same house [in the] ... last year.” Defendant said in his confession he could “not remember [any] dates.”
Defendant also admitted that he had had his other stepson (the 13-year-old who lived with him during the 1981-82 school year) perform oral sex on him about “4 or 5” times. The 9-year-old was the victim in the first trial. The 13-year-old was the victim in the second trial. The confession was purged in each trial to exclude references to conduct with the victim in the other trial.
Defendant did not object to the introduction of the confession in either case but testified that the recorded statement he gave the deputies was untrue and he was trying to keep his wife from being prosecuted for welfare fraud ... for giving a false statement about him if she “dropped the charges” against him.
The 9-year-old testified about defendant coming into his bedroom on the night in question, having defendant’s penis in his mouth “more than once,” and being “caught” the last time by his mother. He testified that this had occurred once before in the bedroom of the 9-year-old “during the night time before [the] school [year] was out.” The third count on which defendant was convicted occurred after the school year ended when the 9-year-old was awakened in the nighttime and was taken in an automobile by defendant where defendant parked “down the road ... a dirt road about a mile from the house.”
In the second trial, the testimony generally tracked that of the first trial. The 13-year-old victim testified, the deputies testified about the details of the confession, 'and defendant testified. The mother of the victim did not testify in the second trial.
The 13-year-old victim testified that he performed oral sex on defendant at defendant’s request once in the woods on a squirrel hunting trip about October 1981 near their home, and once in defendant’s bedroom in April or May 1982 when his mother was not at home. The victim also stated that defendant performed anal intercourse on him the day before the victim’s birthday in January 1982 at a garbage dump near defendant’s home.
FIRST CASE ASSIGNMENT No. 1
Defendant argues that testimony should not have been admitted over his objection *809 about the count of the crime described by the 9-year-old as having occurred on a dirt road about a mile from defendant’s home. Defendant’s objection arose because the Bill of Particulars said all counts of the crime occurred “at or near the home of [defendant] ... in Winn Parish, Louisiana.”
The place of the commission of an offense need not be stated in the indictment or in a bill of particulars unless the place of commission is an essential element of the offense. CCrP Art. 469; State v. Hatcher, 372 So.2d 1024 (La.1979); State v. Hamilton, 307 So.2d 329 (La.1975). The place of the crime is necessary to charge an offense such as burglary where the element of unauthorized entry into a structure or similar thing must be proved. The place of the crime is not an element of such crimes as murder, rape, robbery. See Official Revision Comment under LSA-CCrP Art. 469. We do not find the place to be an element of this crime. It is anatomy and not geography that is essential to the crimes charged.
In Hatcher, supra, where counts of rape and aggravated crime against nature were charged, the State’s bill of particulars answered that the three crimes occurred “uptown by the river,” “around Annunciation Bridge,” and “Terpsichore.” These answers were held sufficient. 372 So.2d at p. 1029. Additionally, this defendant did not complain about the lack of specificity in the bill of particulars as did the defendant in Hatcher. The phrase at or near defendant’s home is as descriptive as “uptown by the river” and defendant has not shown specific prejudice by the admission of the evidence complained of. Accordingly, we find no error.
FIRST CASE, ASSIGNMENT NO. 2
Defendant argues that a letter that he wrote to his wife while in the jail should not have been admitted over his objection that it was privileged. The State was using the letter to impeach defendant’s attempt to retract his confession.
It has been squarely held that a letter from a husband to his wife is not within the statutory connubial private conversation privilege. LRS 15:461, State v. Fuller, 454 So.2d 119 (La.1984).
FIRST CASE, ASSIGNMENT No. 3
This assignment questions the sufficiency of the evidence. CCrP Art. 821, Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A rational factfinder, the jury here, could, and did, conclude that the essential elements of the crime were proved beyond a reasonable doubt. LRS 15:271.
The difference in the ages of the defendant and the victim was established by several witnesses, including the defendant. The defendant’s wife testified as to one count when she “caught” defendant with his penis in the mouth of the 9-year-old. The victim testified about the details of all three counts.[1] Defendant’s attempt to retract or to explain away his “confession,” obviously did not succeed. The confession and the letter are attached as addenda to the original of this opinion.
SECOND CASE, ASSIGNMENT No. 1
This assignment questions the sufficiency of the evidence to support the conviction of the three counts of the crime against the 13-year-old stepson.
The victim testified in detail about each of the three counts, the time frames of *810 each, although not the specific date and time of day, and generally, the place where each count occurred. Defendant again attempted to retract or explain away his confession and was obviously not believed by the second jury. The deputies again testified about the confession which defendant admitted making. All of the elements of the crimes in this case were established by the victim’s testimony.
Defendant argues that the evidence is “less than convincing” because the “jury may have felt it was [defendant’s] obligation to call his wife [or] the Deputy Winn Parish Coroner” to the witness stand “to refute doubtful matters ... unresolved by the State’s case.” There is no indication in this record that either the wife or the deputy coroner (or anyone else) witnessed the acts constituting the crimes with the 13-year-old. The defendant, and not his wife [mother of the victim], was the one who first revealed to the deputy sheriffs his carnal conduct with the 13-year-old.
We agree with defendant that the State cannot shift to a defendant the burden of disproving an element of the crime, but cannot, and do not, agree that defendant was denied due process or fair trial. Neither the wife nor the deputy coroner was “under the control” of the State. Either or both could have been called by defendant and there was no need for an instruction on the LRS 15:432 presumption that evidence under the control of a party and not produced is presumed not to have been produced because that evidence would not have aided that party. If the witness whose absence is sought to be availed of is equally available to both the State and defendant, the presumption does not apply. State v. Simms, 381 So.2d 472 (La.1980).
SECOND CASE, ASSIGNMENT NO. 2
Defendant argues that his sentences in the second case, effectively 18 years at hard labor, are excessive. LSA-Const. Art. 1, § 20.
Defendant was exposed to consecutive sentences which could have totaled 30 years at hard labor. The sentences imposed were nine years on the first count (oral intercourse), nine years concurrently on the second count (oral intercourse), and nine years consecutively on the third count (anal intercourse), a total of 18 years.
The trial court had a PSI report which we have reviewed. We agree with these observations by the trial court:
“In going over his record and the facts of this case I give [defendant] credit for the fact that no violence was involved ... and other than the charges on which he has been convicted in this Court he has no prior criminal record. But because of the age of the child involved in this case, a thirteen year old boy, I feel that I must impose a rather severe sentence ... And as I say for the record, this is six convictions ... for ... carnal knowledge of a juvenile in this Court. The last involved a boy thirteen years of age. And for that I feel that to give any less sentence than the Court has imposed would deprecate the seriousness of the offenses ...”[2]
We do not find that the trial court abused its discretion with respect to the sentences and we do not find the sentences constitutionally excessive.
CONCLUSION
Finding no merit in defendant’s assignments, we AFFIRM the conviction and the sentence on each count in each of the two cases appealed.

. LRS 14:80(2) reads:
"Carnal knowledge of a juvenile is committed when:
“(2) A person over the age of seventeen has anal or oral sexual intercourse, with consent, with a person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons.
“Lack of knowledge of the juvenile’s age shall not be a defense. Emission is not necessary; and penetration, however slight, is sufficient to complete the crime.
“Whoever commits the crime of carnal knowledge of a juvenile shall be imprisoned, with or without hard labor, for not more than ten years.”

. Defendant’s sentences in the first case totaled nine years but he does not complain in that case about an "excessive" sentence. The sentences in the second case were made consecutive to the sentences in the first.