511 So.2d 799 (1987)
STATE of Louisiana
v.
Kelvin GIBSON.
No. KA-6843.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1987.
Writ Denied November 20, 1987.
*800 Ronald Lee Monroe, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., and Joseph H. McCusker, III, Asst. Dist. Atty., New Orleans, for appellee.
Before BARRY, KLEES and BYRNES, JJ.
BYRNES, Judge.
On May 16, 1985, defendant Kelvin Gibson was indicted for aggravated rape (R.S. 14:42), aggravated crime against nature (R.S. 14:89.1), and attempted aggravated rape (R.S. 14:27 (42)).
A jury found Gibson guilty of aggravated rape and aggravated crime against nature. He was sentenced to life imprisonment on the aggravated rape offense and fifteen years on the crime against nature offense. A nolle prosequi was entered as to the attempted aggravated rape charge. Gibson makes six assignments of error on appeal, alleging that he did not receive a fair trial. We find no merit in any of these assignments and affirm his conviction and sentence.

FACTS
Around noon on March 22, 1985, a fourteen-year-old girl was walking on the median near the intersection of Bullard and Wales Streets in New Orleans East when Gibson, who was standing at a nearby bus stop, approached her. Gibson asked the girl if she would go with him "over the levee". When she declined he opened a paper bag he was carrying and showed her a revolver. He then grabbed the girl by the wrists and pulled her across the street into a secluded wooded area where he made her perform fellatio, raped her, and fled. Shortly thereafter, the police were summoned and the victim was taken to Charity Hospital for examination. Three days later the victim met with a police artist who created a composite drawing of her assailant's face. Copies of the composite sketch were distributed to police officers in the Seventh District.
On April 11, 1985, the victim was riding in a car in the vicinity of her attack when she saw her assailant board a bus. The police were called and the bus was stopped in a matter of moments. Gibson was taken off the bus and positively identified by the victim as the man who attacked her on March 22, 1985. He was arrested and charged with one count of aggravated rape and one count of aggravated crime against nature.
On April 9, 1985, two days prior to his arrest, a thirteen-year-old girl and a friend were approached by Gibson as they sat near a bus stop in front of the Fannie Williams Elementary School in New Orleans East. Gibson walked up to the thirteen-year-old, poked a stick in the area of her vagina and asked if she wanted to go "over the levee". Gibson then told the girls that he had a gun in the paper bag he was carrying. At that moment a car drove up to the school entrance, prompting Gibson to flee. The thirteen-year-old subsequently reported the incident to the police. Ten days later police showed her a series of six photographs. She picked a photograph of Gibson and identified him as her assailant. As a result of this identification, Gibson was charged with one count of attempted aggravated rape.

*801 ASSIGNMENT OF ERROR 1
By his first assignment of error, Gibson contends that the trial court erred in denying his motion to suppress the photographic identification made by the second victim. Before an identification will be suppressed, the defendant must prove that the identification itself was suggestive and that there was a substantial likelihood of misidentification as a result of the procedure. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), State v. Prudholm, 446 So.2d 729 (La.1984). In the present case, Gibson argues that the identification process was suggestive and unreliable because the police detective who conducted the photographic identification told the victim that a suspect was among the six photographs shown. We disagree. This circumstance, in itself, is not impermissibly suggestive for it is generally assumed that if one is asked to view a photographic lineup, there is a suspect among the photographs displayed. State v. Stewart, 389 So.2d 1321 (La.1980). We therefore conclude that there is no basis to the defendant's contention that the detective's statement tainted the photographic identification.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 2
By this assignment of error, the defendant asserts that the trial court erred by allowing the State to introduce "other crimes" evidence at his trial. Specifically, Gibson argues that the trial court committed reversible error by granting the State's request at the Prieur hearing to allow evidence of the attempted aggravated rape to be introduced when the five requirements for admitting this "other crimes" evidence under the modus operandi or system exception set forth in State v. Hatcher, 372 So.2d 1024 (La.1979) were not met.
According to Hatcher, "other crimes" evidence must meet the following criteria to be admissible: (1) there must be clear and convincing evidence of the commission of the other crimes and their connection with the instant offense; (2) the modus operandi employed by the defendant in both offenses must be so peculiarly distinctive that one must logically say that they are the work of the same person; (3) the other crimes evidence must be substantially relevant for some other purpose than to infer that the defendant committed the instant crime because he is a man of criminal character; (4) the other crimes evidence must tend to prove a material fact genuinely at issue; (5) the probative value of the other crimes evidence must outweigh its prejudicial effect.
In a previous application for supervisory writs to this court, (State v. Gibson, No. K-9593, November 26, 1985, unpub.), Gibson argued that admitting the "other crime" evidence should not have been admitted because the two crimes were not sufficiently similar to be "signature" crimes, and that there was no clear and convincing evidence of the commission of the attempted aggravated rape or Gibson's connection therewith.
We affirmed the trial court's ruling allowing admission of the "other crimes" evidence noting that State v. Henry, 436 So.2d 510 (La.1983) and State v. Mitchell, 356 So.2d 974 (La.1978) governed the issue. We found that the two crimes were sufficiently similar to be "signature" crimes since both crimes took place in the same neighborhood within a two and one-half week period, and involved victims of about the same age who were approached in the same manner, i.e., the proposal to go "over the levee", and the threatening use of a paper bag containing a gun. Furthermore, the record supported a finding that there was clear and convincing evidence that Gibson committed the attempted aggravated rape on the second victim. This victim not only identified Gibson as her assailant in a photographic lineup ten days after the incident, but later identified him in person. Nothing Gibson argues in this appeal convinces us that our ruling was in error.
In addition to asserting the same arguments made in his previous application for supervisory writs, Gibson alleges in brief that the remaining three Hatcher tests were not satisfied. We disagree. The evidence *802 of the attempted aggravated rape was substantially relevant to show the identity of the person who attacked the first victim by establishing that he had a design, plan, system or scheme directed at forcing young girls to engage in sex. Moreover, it is apparent that this evidence tended to prove a material fact genuinely at issue  that being the identity of the perpetrator. By prosecuting the defendant, the State had the burden of proving that the individual on trial was the individual who raped the first victim. At no point in proceedings did Gibson admit that he attacked this victim. Furthermore, although the first victim made a positive identification of Gibson at trial, the State was not required to rely solely upon her identification to prove this essential element of the offense. Finally, in our opinion, the probative value of the "other crimes" evidence relating to the modus operandi employed by the defendant clearly outweighed any prejudicial effect this evidence may have had. Under these circumstances, the trial court's ruling allowing evidence of the attempted aggravated rape to be admitted was correct.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 3
By this assignment of error, Gibson contends that the trial court erred by curtailing cross-examination of the second victim during the Prieur hearing. At that hearing, counsel for defendant attempted to delve into the reliability of her identification of Gibson, a matter which had been the subject of a prior Motion to Suppress. The trial court sustained the State's objection to this line of questioning noting that the issue had already been litigated at the Motion to Suppress. We find no error in this ruling.
The purpose of the Prieur hearing is to offer the defendant an opportunity to defend against the admission of "other crimes" evidence. State v. Baker, 452 So.2d 737 (La.App. 1st. Cir.1984). The trial court must determine, outside the presence of the jury, whether the evidence complies with the standards for allowing the introduction of such evidence. Great discretion is afforded the trial judge in this area. State v. Lindsey, 404 So.2d 466 (La.1981).
Our review of the record shows that the reliability of the second victim's identification of Gibson was thoroughly explored by defense counsel at the hearing on defendant's Motion to Suppress the Identification. Having had ample opportunity to contest this identification prior to the Prieur hearing, we find that Gibson was not prejudiced by the trial court's limitation of cross-examination at this later hearing.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 4
By his fourth assignment of error, defendant alleges that the trial court erred by not allowing defendant's expert medical witness, Dr. Crafton, to testify at the Prieur hearing that an examination conducted in August 1985 revealed that Gibson did not have gonorrhea on that date. Gibson argues that since the first victim developed this disease after the alleged rape, Dr. Crafton's testimony should have been admitted. We disagree. While these test results may have been relevant to prove that someone other than Gibson transmitted the disease to the first victim during the rape incident in March 1985, they were not relevant to the issues raised in the Prieur hearing. In the instant case that hearing focused on whether evidence of Gibson's attempted aggravated rape of the second victim was admissible under State v. Hatcher, supra. The question of whether Gibson actually committed the sexual offenses on the first victim was properly relegated to the trial on the merits  not the pre-trial Prieur hearing. For this reason, we conclude the trial court did not err in preventing Dr. Crafton from testifying at the Prieur hearing.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 5
By this assignment of error, Gibson argues that the trial court erred in prohibiting *803 defense counsel from questioning the second victim at the Prieur hearing regarding his resemblance to a composite drawing made with the assistance of the first victim. We find no error in the trial court's ruling. Inquiry into the identity of the second victim's assailant at the Prieur hearing was properly restricted to her photographic and in-court identification of Gibson.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 6
By his last assignment of error, Gibson asserts that the trial court erred by not admitting the birth certificate of his niece into evidence during the Prieur hearing. The defendant's brother, Randy Gibson, testified at the Prieur hearing that the defendant was with him on the day the second victim was approached. However, this witness also testified that he was not with the defendant during the time period when the attempted aggravated rape took place. Gibson attempted to introduce the birth certificate of his niece to corroborate Randy Gibson's testimony that he remembered the events of that particular day because it was his niece's birthday.
In our opinion the birth certificate was properly excluded at the Prieur hearing. While this evidence may have been relevant to corroborate alibi testimony offered at the trial on the merits, no such testimony was given. The fact that the defendant's niece celebrated a birthday on April 9, 1985, and that the significance of this date triggered Randy Gibson's recollection of spending time with the defendant before and after the alleged attempted aggravated rape was of no probative value at the Prieur hearing.
This assignment of error is without merit.

ERRORS PATENT
A review of the record for errors patent reveals that the trial court erred by sentencing Gibson on the same day that it denied his Motion for a New Trial. C.Cr.P. Art. 873 requires a twenty-four hour delay between the denial of a new trial and sentencing unless the defendant expressly waives this delay. Our review of the record does not indicate that Gibson waived his right to this delay. However, this was not assigned as error and no prejudice has been alleged or shown. Under these circumstances, we consider this to be harmless error. State v. Wormser, 467 So.2d 58 (La.App. 4th Cir.1985), writ den. 474 So.2d 946 (1985).
For the above reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.