CUTRER, Judge.
Plaintiff, Mark Thibodeaux,, filed a rule to show cause why Judge, Juvenile Division of the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana, should not reveal names of juveniles and their parents which juveniles allegedly committed a tort against plaintiff. Plaintiff appeals from a judgment denying the rule.
Plaintiff alleges that on August 16, 1978, he was shot in the leg by four juveniles. Plaintiff desires to assert a claim for damages resulting from his alleged injuries. In order to file suit against the juveniles and their parents, plaintiff sought to obtain the identity of these persons from the Lake Charles City Police and the Calcasieu Parish Juvenile Office and Detention Home. The City Police and the Juvenile Office refused to reveal the names to plaintiff or his counsel. Plaintiff filed a rule to show cause why the names should not be revealed.
The original rule to show cause named as defendant the Calcasieu Parish Juvenile Office and Detention Home. When the matter came before the trial judge for hearing, the trial judge stated that the Juvenile Office and Detention Home was not a proper defendant, being simply a building. The court then treated the matter as a “motion to the courts for the release of certain information.” Plaintiff accordingly amended his pleadings to designate the defendant as the Judge, Juvenile Division, Fourteenth Judicial District Court.[1]
The trial judge, at the hearing, stated that the information requested by the plaintiff was in the hands of the court and could be supplied by the court. The trial judge, however, refused to reveal the names on the ground that LSA-R.S. 13:1586.1[2] and Article 35 of the Code of Juvenile Procedure [3] prohibited the release of information *DXC contained in juvenile records to private persons for their use or benefit.
The plaintiff contends that the trial judge was in error in his ruling. Plaintiff contends that the last line in LSA-R.S. 13:1586.1(C) authorizes the court to reveal the information requested. This line reads as follows:
“ . . • Other inspections may be authorized by the court in individual cases upon a showing that the public interest requires such inspection.”
The defendant contends that this authority can be exercised when public interest requires the inspection and in this case, it was a private interest making the request and not a public interest. We do not, however, have to pass on this issue because the legislature has, since the rendition of the judgment in this case, adopted legislation on the subject of confidentiality of juvenile records which gives the courts a clearer discretion in the matter than that which previously existed.
The legislature enacted Chapter 25 of Title VIII of the Louisiana Code of Juvenile Procedure relating to confidentiality and disclosure of juvenile reports and records. This enactment has recently become effective (September 7,1979). Included in Chapter 25 is Article 123B, which reads as follows:
“B. For good cause, the court may order disclosure of records and reports of the court, probation officers, and law enforcement agencies to any person, agency, institution or other court upon a particular showing that the information is relevant to a specific investigation or proceeding.”
 In exercising its discretion under this article, the court must make the decision as to which interest must prevail, the public policy of confidentiality of juvenile records, or the interest and need of the person seeking disclosure. The policy of the law is to preserve the anonymity of the juvenile offender. The adoption of Article 123B reflects, however, that this policy is not absolute but is subject to the rights of others. In this ease, the alleged victim seeks the information in order that he may commence a civil action for damages arising out of the alleged juvenile conduct. In weighing the rights of and interests of the parties herein, we hold that the policy of confidentiality of juvenile records will not be unwarrantly impinged upon by the disclosure to the plaintiff the names of the juveniles and their parents. The plaintiff has shown good cause for his need for disclosure by showing that the requested “information is relevant to a specific . proceeding.” For these reasons, the trial court judgment must be reversed.
For these reasons, the judgment of the trial court is reversed and set aside. It is further ordered that, pursuant to Article 123B, the trial court disclose the names of the four juveniles who allegedly committed a tort against plaintiff on August 16, 1978, and the names of the juveniles’ parents. The costs of this suit are to be paid by the defendant-appellee insofar as provided by law.
REVERSED AND RENDERED.

. No objection was raised as to this unusual procedure. No answer was filed to the contradictory “motion”, or rule, even though such contained the ingredients of mandamus proceedings. The requirement of the filing of an answer in a mandamus proceeding is waived, however, where the rule or motion makes no request for citation or answer, and the defendant makes an appearance at trial. This was the situation here. State v. James, 251 La. 913, 207 So.2d 389 (La. 1968).

. LSA-R.S. 13:1586.1(C) provides:
“C. Any photograph and/or fingerprint taken pursuant to Subsection A shall be released only to law enforcement agencies supported by public funds. The law enforcement agencies receiving such records are prohibited from using the photographs and fingerprints for any purpose other than for criminal law enforcement and juvenile law enforcement. In no instance shall the fact that such records exist be conveyed to: any credit bureau, credit rating or reporting agency; any association or corporation; a prospective or actual employer conducting a reference investigation; any other private individual, firm, association or corporation; or to any public or quasi-public agency the duties of which do not include criminal law enforcement or juvenile law enforcement. Other inspections may be authorized by the court in individual cases upon a showing that the public interest requires such inspection.”

. Article 35 of the Code of Juvenile Procedure provides:
“Art. 35. Record of detention center; access.
“Every juvenile detention center shall maintain a permanent record of certain information *DXC as to each child received. The record shall include:
(1) The child’s name and address;
(2) The reason for the child being taken into custody;
(3) The date and time of the child’s entry into the juvenile detention center; and
(4) The name of the officer bringing the child to the juvenile detention center.
“The record in which such information is kept shall not be open for public inspection. Peace officers, probation officers, counsel representing the child, the district attorney, and authorized officers of the court shall have access to the record.”