| xLANDRIEU, Judge,
dissenting.
Although the trial judge did a thorough job of reviewing the record made before his predecessor, I find his conclusion of law to be incorrect and his inference of fact to be clearly wrong. The record indicates that Scheeler did not maintain control of his vehicle and was, in part, responsible for the accident.
Scheeler was an inexperienced sixteen year old driver who, with two teenage friends, went for a drive to nowhere in the family pickup truck. After going off the road once in a near accident with a truck, which he claims forced him off the road, Scheeler encountered rain of such intensity that he decided to return home. Back on the highway in a heavy rain, traveling at an admitted speed of 50 mph, he lost control of his vehicle while negotiating a left curve. Spinning 360 degrees Rone or more times, Scheeler’s vehicle skidded between 150 and 200 feet before striking a large stationary truck parked partially on the right shoulder of the road. That truck, weighing about 12,000 pounds, was propelled 45 feet before it could be brought to a halt by its driver.
The theory of the plaintiffs’ cases might be stated thusly: Scheeler’s vehicle spun out of control. All experts agree that an accumulation of water of sufficient depth and volume struck by the right wheels of Scheeler’s vehicle could have caused it to spin in a clockwise direction. Because Scheeler’s vehicle spun out of control in a clockwise direction, therefore, there must have been sufficient standing water on the right side of the highway to render it unreasonably dangerous. The trial court, accepting this tenuous theory, found the DODT liable as it had garde over the highway and should have known the highway had a propensity to accumulate water during rainstorms.
However, the state police investigating officer, who was on the scene immediately after the accident, found no apparent defects in the road and photographs taken on the same day shortly after the accident make it impossible to believe that a sufficient depth or mass of water covered the right lane of the highway to cause this accident. While it would have been unusual if there were not *1153 some puddling on the highway, the road and shoulder are clearly banked in the area where Scheeler lost control and there is no evidence of a depression in this area that would hold any volume of water. No defect in design, construction, or condition of the highway in the 200 feet from the point of impact made the highway unreasonably dangerous.
A driver who loses control of his vehicle has the burden of proving his absence of fault. In Ferrell v. Fireman’s Fund Ins. Co., 94-1252, (La. 2/20/95), 650 So.2d 742, Patrice Brown, while driving in the rain, lost control of her vehicle, spun around, skidded, and landed against the guardrail facing on-coming |3traffic. She claimed that the steering mechanism froze while witnesses testified that the car appeared to hydroplane. Id. at 744. The trial court found Brown was not negligent and this Court affirmed that decision. The Supreme Court reversed stating:
The normal burden of proof in a personal injury case is upon the plaintiff. However, in exceptional cases a presumption of negligence arises when a defendant motorist leaves his own traffic lane and strikes another vehicle. In such a case, the burden of proof on such a defendant motorist is to show that he was not guilty of any dereliction however slight....
By the same token, we conclude that Patrice Brown owed a duty of remaining in her own lane of traffic, controlling her vehicle, and preventing it from leaving her own traffic lane and colliding with the bridge railing. Consequently, the burden of proof is on Patrice Brown to show that she was not guilty of any dereliction, however slight, that caused the subsequent accidents that are the subject of this case.
We conclude that Patrice Brown failed to carry her burden of proof to exculpate herself from negligence factually and legally causing the accidents because the objective facts contradict her story and the story itself is internally inconsistent and implausible on its face. We agree with the Court of Appeal that Patrice Brown violated her duty to maintain control of her vehicle, even in rainy weather ... Ferrell v. Fireman’s Fund Ins. Co., 635 So.2d 1152, 1156 [ (La.App. 4th Cir.1994) ].
The testimony of other witnesses that Patrice Brown reached the wet incline and lost control of her vehicle because of “hydroplaning”, meaning that ground water prevented tire traction, does not exculpate her from negligence because she had a duty to maintain control of her vehicle under the inclement, but extraordinary, weather conditions.
Id. at 746-747.
Scheeler had the duty to prove that he was not guilty of any dereliction, however slight, that caused this accident. Presenting expert testimony that there could have been an alternate cause of the accident is insufficient to meet this burden.
Witness testimony suggests that driver error was the more likely cause of the accident. Brandon Lamarque, Seheeler’s surviving passenger, testified that Scheeler could have been going as fast as 65 mph. Not one expert witness denies |4that driver error in steering or breaking on a wet roadway could have been the cause or a cause of the vehicle going out of control.
Two trailing drivers testified as to Seheeler’s lack of control over his vehicle. Cheryl Urbesco stated that, while following Scheeler, she saw him hit his brakes and almost lose control once before he hit his brakes the second time and started spinning. She also stated that she did not see any standing water in the highway.
Joseph Major, who was driving behind Scheeler at the time of the accident, testified that he first saw Scheeler in his rear view mirror when Scheeler turned onto Judge Perez highway. Major stated that when Scheeler turned onto the highway he “started speeding” and was “spinning a little.” Scheeler quickly caught up to Major’s vehicle and, according to Major, passed him on the right going no less than about 65 mph. Major did not see any water spray when Scheeler passed him and did not see Scheeler’s vehicle hit any water when Scheeler lost control negotiating the curve.
The only evidence Scheeler presented that he was free from any dereliction was his own *1154 self-serving testimony which is inconsistent, contradictory, and implausible. For example, he testified that he did not see the parked truck until he was 20 to 30 feet away from the truck and after he hit the water in the highway, when, in actuality, he spun out of control between 150 to 200 feet before hitting the truck. He could not recall if he braked his vehicle and gave different answers when asked if he steered to avoid water on the highway.
In addition to the physical evidence and eyewitness testimony, Scheeler pleaded guilty in juvenile court to negligent homicide and reckless operation of a motor vehicle. The trial court was unaware of the guilty plea because Scheeler’s counsel represented that the plea was nolo contendere resulting from a plea bargain and, therefore, inadmissible. The trial judge, based on counsel’s statement, did | snot allow the guilty plea into evidence. Defense counsel proffered the sealed record from juvenile court and, therefore, it is before us for consideration.
On appeal, Seheeler’s counsel argued again that the plea was a nolo contendere plea and, therefore, inadmissible. However, the minutes of the court written on the petition clearly record that on April 20, 1988, Scheeler, in the presence of his mother, grandfather and Richard Tonry, his counsel, withdrew his plea of not guilty and entered a plea of guilty as charged. There is no mention of a plea bargain in the minutes. There is this parenthetical notation: “(All info read into record today and the record is ordered sealed and not be given out except to D.A. and the Court.)” This notation of itself is not proof of a plea bargain and does not preclude Scheeler’s guilty plea being used in a subsequent civil proceeding.
The guilty plea should have been admitted into evidence and considered. The Children’s Code Ann. art. 412 (West 1995) states that
[f]or good cause, the court may order disclosure of records and reports of the court, probations officers, and law enforcement agencies to ... [a]ny person, agency, institution, or other court upon a particular showing that the information is relevant to a specific investigation or proceeding.
To make such a determination, the Court must weigh the public policy of confidentiality of juvenile records against the interest and need of the person seeking disclosure. Thibodeaux v. Judge, Juvenile Div. of the Fourteenth Judicial District Court, 377 So.2d 508 (La.App. 3d Cir.1979). In Thibo-deaux, the Court allowed the admission of juvenile records so that the victim could commence a civil proceeding for damages against the juvenile. Id. at 510. This Court affirmed the Third Circuit’s allowing access to juvenile records in State v. Fleming, 574 So.2d 486 (La.App. 4th Cir.1991), writ denied, 592 So.2d 1313 (La.1992). A plea of guilty to a traffic charge involving the negligent operation of an automobile is an admission against interests by the driver and is admissible Ras relevant evidence to show fault. Arceneaux v. Domingue, 365 So.2d 1330, 1336 (La.1979), on remand to, 370 So.2d 1262 (La.App. 3d Cir.1979), writ denied, 374 So.2d 660 (La.1979). Accordingly, Scheeler’s guilty plea should have been admitted as an admission against interest and evidence of his negligence.
For these reasons, I would find that Scheeler was 70% at fault and the State and St. Bernard Parish each 15% at fault for the safety zone violations.