680 So.2d 717 (1996)
STATE of Louisiana
v.
Richard LANGLEY.
No. 95-KA-2029.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1996.
*718 Harry F. Connick, District Attorney and Karen Godail Arena, Assistant District Attorney of Orleans Parish, New Orleans, for Appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for Defendant.
Before ARMSTRONG, PLOTKIN and LANDRIEU, JJ.

*719 FACTS

MOON LANDRIEU, Judge.
Robert Hatchcock, a resident of Pensacola, has an apartment just outside the French Quarter where he stays when visiting New Orleans. During one of his visits, he met Richard Langley through friends, James Thayer and Dennis Tutor. Hatchcock, upon learning that Langley had nowhere to stay, offered to let him spend a few nights at his apartment because he has an extra bedroom. Langley spent two nights at Hatchcock's apartment. Hatchcock testified that he is a homosexual but that he never had sexual relations with Langley who always slept in a different room when staying at his apartment.
On September 27, 1992, Hatchcock, Langley, Thayer and Tutor had dinner together. Hatchcock, who suffers from a heart condition, left the group to return to his apartment. Langley walked him home but immediately returned to the others.
Later that night, at 3:00 a.m., Langley returned to Hatchcock's apartment and asked to come in. Once inside, Langley excused himself to go to the bathroom but returned to the living room with a knife which he placed against Hatchcock's throat. He demanded money and threatened to cut Hatchcock if he did not comply.
During the course of the robbery, Langley forced Hatchcock to lie on the bed. Langley then proceeded to tie Hatchcock's hands behind his back with strips of towels, but Hatchcock asked that his hands be tied in the front because he needed to be able to reach his heart medication. Langley did so, and then tied Hatchcock's feet together and tied his hands to his feet. Langley took $37.00, Hatchcock's empty wallet, and switched his watch for Hatchcock's gold one. He also took Hatchcock's keys to his automobile and apartment.
Hatchcock managed to tear the towel between his hands and feet. He hopped to the apartment door, propped a chair so that the door could not be opened, and called 911. While he was talking on the phone, he looked out the window and saw Langley. When Langley saw Hatchcock, he returned to the apartment and tried to force his way in, but did not succeed and left.
The police arrived within minutes and Hatchcock gave them a description of Langley. One officer left and returned within five minutes with Langley. Hatchcock identified him as the man who had robbed him.
Officer Jimmy Turner testified he arrived on the scene, got a description of the perpetrator, and found Langley on South Claiborne Avenue. Turner searched him and found the knife, $37.00, the wallet, and the keys to Hatchcock's apartment. The keys to Hatchcock's automobile were found in its ignition.
Langley was charged with armed robbery, La.Rev.Stat. Ann. § 14:64 (West 1986). He pleaded not guilty but was found guilty as charged by a twelve member jury. He was sentenced to five years at hard labor.
The State filed a multiple bill accusing Langley of being a second offender but, at the hearing on November 16, 1993, amended the multiple bill to accuse Langley of being a third offender. The trial court continued the hearing, and on December 20, 1993, found Langley to be a third offender and sentenced him to sixty-six years at hard labor without benefit of parole, probation or suspension of sentence.
Langley assigns three errors:
1) The trial court erred in allowing evidence of prior bad acts;
2) The State failed to prove Langley was guilty beyond a reasonable doubt; and
3) The trial court erred in allowing the State to amend the multiple bill during the November 16, 1993, hearing and, subsequently, finding Langley to be a third offender.

ASSIGNMENT OF ERROR NO. 1:
On January 14, 1993, the State filed a Notice of Intent to Use Evidence of Other Crimes. Over objections by the defense, Alfred Stevens, 74, testified that Langley armed robbed him September 14, 1992, which was less than two weeks before Hatchcock was robbed. Stevens testified that he had known Langley only casually for about five months prior to the robbery. Stevens *720 described the robbery as follows: One evening Langley knocked on Stevens's door. When Stevens answered it, Langley pushed his way into the house, and threatened Stevens with a screw driver. He told Stevens to give him money, or he would kill him. Langley took him into a bedroom, told him to lie down on the bed, and tied his hands behind his back with a dog leash. After Stevens told Langley where some money was in the house, Langley tied Stevens's feet and tied his hands to his feet. Langley then took Stevens's car. Stevens testified that he is homosexual but never had a sexual relationship with Langley.
Langley does not argue that he was given inadequate notice but that the evidence should not have been admitted. La.Code Evid. Ann. art. 404(B)(1) (West 1995) states:
Except as provided in Article 412 [not relevant here], evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
Langley first argues that he had not been arrested, charged, or convicted of the earlier offense. However, conviction is unnecessary for admissibility because La.Code Evid. art. 404(B)(1) allows, under certain circumstances, the admission of "evidence of other crimes, wrongs, or acts." (Emphasis added).
Langley next argues that the evidence was not used to serve any allowable purpose because identity and intent were not at issue and its only use was to show a propensity to commit this type of crime. The Louisiana Supreme Court has recently restated the law applicable to the introduction of other crimes evidence in State v.Code, 627 So.2d 1373, 1381 (La.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1870, 128 L.Ed.2d 491 (1994):
Statutory and jurisprudential exceptions exist to this rule [Article 404(B)(1)] where the state offers evidence of other crimes for purposes other than to show the character of the defendant. State v. Jackson, 625 So.2d 146 (La.1993).
. . . .
Case law has established an exception to the general inadmissibility of other crimes evidence to include evidence showing modus operandi. See State v. Henry, 436 So.2d 510 (La.1983); State v. Talbert, 416 So.2d 97 (La.1982); State v. Hatcher, 372 So.2d 1024 (La.1979). Several factors must be met for evidence to be considered as evidence of modus operandi:
(1) there must be clear and convincing evidence of the commission of the other crimes and the defendant's connection therewith; (2) the modus operandi employed by the defendant in both the charged and the uncharged offenses must be so peculiarly distinctive that one must logically say they are the work of the same person; (3) the other crimes evidence must be substantially relevant for some other purpose than to show a probability that the defendant committed the crime on trial because he is a man of criminal character; (4) the other crimes evidence must tend to prove a material fact genuinely at issue; and (5) the probative value of the extraneous crimes evidence must outweigh its prejudicial effect.

Hatcher, 372 So.2d at 1033 (citations omitted); see also State v. Henry, 436 So.2d at 513; Talbert, 416 So.2d at 99-100.
The first requirement that there be "clear and convincing evidence" of the other act was based on the language of now repealed La. Code Evid. Act. 1103. It has been replaced by La.Code Evid. Ann. art. 1104 (West 1995) which states that the burden is "identical to the burden of proof required by Federal Rules of Evidence Article IV, Rule 404."[1] *721 In United States v. Beechum, 582 F.2d 898 (5th Cir.1978), cert. denied, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979), the Court, when defining the burden of proof in Article 404, declined to apply a "clear and convincing evidence" standard but, rather, chose the lesser standard of "whether the evidence would support such a finding by the jury" as found in Fed.R.Evid. 104(b).[2]
However, this case was tried in November of 1993 and La.Code Evid. art. 1104 was not effective until August 27, 1994. Accordingly, the "clear and convincing" standard will be used to determine whether the first factor of Hatcher is met.
The State presented testimony from Stevens, who knew Langley, that Langley had robbed him just two weeks prior to Hatchcock's robbery. Stevens testified to the specifics of the crime and that he was found, still bound, by two men who called the police. Stevens's testimony was credible and uncontroverted by Langley. The evidence presented is clear and convincing and is sufficient to meet the first requirement.
The second requirement appears to have two different standards. If the prosecution is using the other crimes evidence to show "identity" the law requires that the facts of the cases be "so peculiarly distinctive that one must logically say they are the work of the same person." See State v. Carr, 620 So.2d 288 (La.App. 1st Cir.1993). If the state wishes to use this evidence to show the defendant's "intent," then the standard is lower, and the state must only show that the crimes are "similar." State v. Smith, 513 So.2d 438 (La.App. 2nd Cir.1987).
In the instant case, the prosecution used the other crimes evidence to show Langley's "intent." The State met its burden by showing the similarity of the crimes: 1) Both crimes involved Langley preying on vulnerable, homosexual men, to whom he had been introduced by common acquaintances; 2) In both cases, Langley hogtied his victims in the same manner with household items that he found on the premises, first having each man lie on a bed on his stomach, then tying their hands, then their feet, then their hands to their feet; and 3) In both cases, he took money and then demanded car keys to make his getaway.
The third factor in Hatcher requires that the other crimes evidence be relevant to an issue at trial. Here, Langley attempted to show on cross-examination of Hatchcock, as a defense, that he and Hatchcock were merely engaging in a homosexual act involving bondage. Thus, evidence that Langley had committed an earlier robbery in the same fashion was relevant in disputing Langley's defense.
The last factor of Hatcher pertains to the probative value of the evidence and the prejudicial effect of introduction of that evidence. It appears in the present case that the probative value outweighed the prejudicial effect. Hatchcock's credibility that he had in fact been robbed and that he had not participated in a homosexual act with Langley was bolstered by Stevens's testimony to the same effect.
The trial court therefore did not err in admitting the evidence, and this assignment is without merit.

ASSIGNMENT OF ERROR No. 2:
Langley argues the evidence was insufficient to support the conviction. In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 *722 (1979); State v. Green, 588 So.2d 757 (La. App. 4th Cir.1991).
To prove the crime of armed robbery, the State must prove that the defendant 1) took something of value belonging to another from the person of another or that was in the immediate control of another 2) by use of force or intimidation 3) while armed with a dangerous weapon. State v. Robinson, 573 So.2d 1210 (La.App. 4th Cir.1991), writ denied, 580 So.2d 666 (La.1991); see La.Rev. Stat. Ann. art. 14:64 (West 1985).
Langley argues that the State did not prove the first two elements of the crime. First he contends that the items that he took were not in Hatchcock's immediate control. However, whether the items were under his control is of no importance because the State proved the items belonged to Hatchcock. Langley additionally argues that because Hatchcock willingly let Langley into his apartment, there was no force or intimidation involved in the taking. This argument is refuted by the State's evidence that Langley held a knife to Hatchcock's throat, threatened him, and tied him up while perpetrating the crime.
The facts were sufficient to support the conviction and this assignment is without merit.

ASSIGNMENT OF ERROR NO. 3:
Langley argues that because the State amended the multiple bill of information on the morning of the hearing to allege that the defendant was a third offender, not just a second offender, he was not given the fifteen days to file objections accorded him by La.Rev.Stat. Ann. § 15:529.1(D)(1)(a) (West Supp.1996).[3]
During the multiple hearing on November 16, 1993, the State amended the multiple bill to include a third conviction to which Langley objected because he had been given an insufficient amount of time in which to respond. The trial court received evidence, but kept the matter open until December 20, 1993, before finding Langley to be a third offender. Therefore, Langley was given thirty days in which to defend the information, and this assignment is without merit.
Accordingly, Langley's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Fed.R.Evid. 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.
[2] Fed.R.Evid. 104(b) states that "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."
[3] This section states, in pertinent part, that "[i]f he [the defendant] denies the allegation of the information or refused to answer or remains silent, his plea or the fact of his silence shall be entered on the record and he shall be given fifteen days to file the particular objections to the information, as provided in Subparagraph (b)."